WELCH, Judge,
dissenting.
I respectfully dissent. The officers in this case, who responded to a report of domestic abuse, had the right to conduct a Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), patdown for their safety. Assuming, without deciding, that Jarvis Lamar Bridgett, the defendant, was actually wearing the jacket at the time of the patdown,[2] once the officers determined that Bridgett did not have a weapon on his person or within his reach and thus that their safety was not in jeopardy, the officers had no reasonable suspicion to detain Bridgett or justifying a search of Bridgett’s room. The keys discovered and taken from Bridgett’s jacket pocket in no way provided probable cause to conduct a war- *1057 rantless search of his room. The warrant-less search of Bridgett’s room that followed the Terry patdown, specifically the search of the locked box taken from under Bridgett’s bed, exceeded the scope of Terry.
Moreover, Bridgett would not have consented to the officers’ unlocking and opening the box but for the illegal seizure of the keys. Thus, I believe the marijuana discovered in the box should have been excluded from evidence as it was fruit of the poisonous tree. “‘[T]he fruit of the poisonous tree doctrine also extends to invalidate consents which are voluntary.’ ” Harris v. State, 568 So.2d 421, 424 (Ala.Crim.App.1990) (“[Although the appellant voluntarily consented to the search of his trunk which resulted in the police officer’s discovery of the stolen property, because the consent was governed by the fruit of the poisonous tree doctrine, it was invalid. The officer’s improper stop of the appellant invalidated his consent to search and, therefore, the stolen property should not have been allowed into evidence.”).
Because I believe that the officers exceeded the scope of Terry, I believe that the discovery of the marijuana was the fruit of the poisonous tree. Therefore, I must respectfully dissent.

. If Bridgett was not wearing the jacket, the keys were discovered pursuant to a search for which there was no probable cause and therefore, were seized pursuant to an unlawful search.